# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**REGINALD TAYBORN**                                                              **PLAINTIFF**

v.                                  No: 4:23-cv-01212-PSH

**DONZELL LEWIS**                                                            **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

Plaintiff Reginald Tayborn filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on December 22, 2023, while incarcerated at the Pulaski County Detention Facility (Doc. No. 2). The Court granted Tayborn's application to proceed *in forma pauperis* (Doc. No. 3), and directed service on defendant Deputy Donzell Lewis (Doc. No. 13).

Lewis filed a motion for summary judgment, a brief in support, and a statement of facts claiming that Tayborn had not exhausted available administrative remedies with respect to his claims against Lewis before he filed this lawsuit. Doc. Nos. 35-37. Tayborn filed a response and a letter (Doc. Nos. 47-48). Although notified of his opportunity to do so (Doc. No. 38), Tayborn did not file a separate statement of disputed facts. Accordingly, Lewis' statement of undisputed material facts, Doc. No. 37, is deemed admitted. *See* Local Rule 56.1(c). Lewis' statement

of facts, and the other pleadings and exhibits in the record, establish that the material facts are not in dispute and that he is entitled to judgment as a matter of law.

## II.  Legal Standard

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits or declarations, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  FED. R. CIV. P. 56; *Celotex v. Catrett*, 477 U.S. 317, 321 (1986).  When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party.  *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002).   The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial.  *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007).  The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy.  *Id.* (citations omitted).  A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case.  *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012).  Disputes that are not genuine or that are about facts that

are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

### III. Analysis

Lewis argues that he is entitled to summary judgment because Tayborn failed to exhaust his administrative remedies with respect to his complaint allegations before he filed this lawsuit. *See* Doc. No. 36. In support of his motion for summary judgment, Lewis submitted an affidavit by Sergeant James Hill, a custodian of records for the PCDF (Doc. No. 37-1); Tayborn's Arrest and Booking Sheets (Doc. No. 37-2); grievances and requests filed by Tayborn during his incarceration at PCDF (Doc. No. 37-3); and a copy of the PCDF's grievance policy (Doc. No. 37-4).

*A.*   ***Exhaustion of Administrative Remedies***

The Prison Litigation Reform Act (PLRA) requires an inmate to exhaust prison grievance procedures before filing suit in federal court. *See* 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002). Exhaustion under the PLRA is mandatory. *Jones v. Bock*, 549 U.S. at 211. The PLRA's exhaustion requirement applies to all inmate suits about prison life whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The PLRA does not, however, prescribe the manner in which

exhaustion occurs. *See Jones v. Bock*, 549 U.S. at 218. It merely requires compliance with prison grievance procedures to properly exhaust. *See id.* Thus, the question as to whether an inmate has properly exhausted administrative remedies depends on the grievance policy of the particular prison where the alleged events occurred. *See id.*

The PCDF has a grievance procedure in place to permit inmates to file grievances and appeals and to assure them of written responses from facility officials in a timely and orderly manner without fear of reprisal or prejudice. Doc. No. 37-4 at 1. Any inmate may invoke the grievance procedures regardless of his security or job classification, disciplinary status, or administrative or legislative decisions affecting the inmate. *Id.* at 3. An inmate may invoke the grievance procedure by submitting a written complaint regarding one of the following:

> a. Actions taken by staff or other inmates that have the effect of depriving the inmate of a right, service, or privilege.
>
> b. Allegations of abuse, neglect, or mistreatment by staff or other inmates.
>
> c. Any other matter the inmate believes to be illegal, a violation of department rules and regulations, or unconstitutional treatment or condition.

*Id.* at 1-2. Grievances must be filed within 15 days after the grievance occurrence with the Grievance Officer or designee. *Id.* at 4. If, after being responded to by the Grievance Officer or designee, the inmate is not satisfied, he or she may appeal to

the Chief of Detention within ten working days. *Id.* at 7. The entire grievance process must be completed within 30 working days unless a valid extension has been agreed upon or unforeseen circumstances have occurred. *Id.* at 8.

**B.     Tayborn's Complaint Allegations**

Tayborn alleges that Deputy Lewis assigned him to an upper-level cell on November 8, 2023, without regard for his medical restrictions. Doc. No. 9-1 at 4. He alleges he later fell while being escorted to a lower-level area for his break. *Id.* at 5. Tayborn was allowed to proceed with an Eighth Amendment claim against Deputy Lewis in his individual capacity based on his assignment to an upper bunk despite his medical restrictions. *See* Doc. Nos. 12 & 15. His remaining claims were dismissed without prejudice. *See id.*

**C.     Relevant Grievances**

Tayborn was booked into the PCDF on March 26, 2023. Doc. No. 37-2 (booking sheet). In his affidavit, Sergeant Hill states that during Tayborn's incarceration at the PCDF, Tayborn submitted a number of requests and grievances. Doc. No. 37-1 at 1; Doc. No. 37-2. Before this case was filed on December 22, 2023, Tayborn submitted two grievances describing his complaint allegation that Lewis assigned him to an inappropriate cell. Those are described below along with two other grievances that are tangentially related to Tayborn's claims in this case.

On December 9, 2023, Tayborn submitted a commissary grievance, stating:

> On 11/8/23 I was moved from G-Unit cell 307 lower to U-Unit cell 417 upper level the unit deputy to A-Shift was Deputy Lewis who place in a upper level cell when I was surprised place a lower cell because medical restrictions to not be lower level bottom bunk the on 12/5/23 at approx. 1800 hrs while I was beening escorted by Deputy Homles who was taken me to the lower subday room to taken my break I accidently fall and tumbled down the stairs while laying on the floor injuryed from the fall Deputy Homles stated. Get up Dog... Ain't nothing wrong with you... I was afraid for my life she became threatened towards me. Deputy Homles later called a code- red and medical responded to the code red. Please investigate matter. Thank you

Doc. No. 37-3 at 2.[1]  On December 13, 2023, Deputy Michael Hagerty responded: "You are now on L/L bunk." *Id.* On December 13, 2023, Tayborn closed the grievance. *Id.*

On December 9, 2023, Tayborn also submitted a standard grievance, stating:

> On 11/8/23 I was moved from G-Unit cell 307 lower level to U-Unit cell 417 upper level. I had medical restrictions to be placed be housed in on a bottom bunk lower level only. It was the unit deputy on A-SHift who failed to do his job and check and see what my medical restrictions were. On 11/8/23 at approximately 1300 hours Deputy Lewis placed in a upper level cell then on 12/5/23 at approx. 1800 hrs I was being escorted by Deputy Homles from the upper level to the bottom level I accidently failed and tumbed down the stairs injurying myself while I lay on the floor Deputy Homles ordered me to get up not caring if I was injuryed or not she stated... get up dog... ain't nothing wrong with you... get up now...

Doc. No. 37-3 at 12. On December 9, 2023, Hagerty responded: "You are now on L/L bunk." *Id.*  On December 14, 2023, Tayborn closed the grievance. *Id.*

---

[1] Grievances are transcribed verbatim without any corrections for misspellings or mistakes.

On December 14, 2023, Tayborn submitted a standard grievance, stating: "Why am I not allowed to exhaust my administrative remedies with the Grievance I filed on the incident that happen on 12/5/23. My U.S. constitutional rights are being violated. PLEASE SEND GRIEVANCE OFFICER NOW....". Doc. No. 37-3 at 13. On December 21, 2023, Hagerty responded: "Please list the number of the grievance." *Id.* On December 22, 2023, Tayborn closed the grievance. *Id.*

On December 24, 2023, Tayborn submitted a commissary grievance, stating: "On 12/13/23 I received a response from the grievance I filed on 12/8/23 the incident occurred on 12/5/23 when I was injured falling down the stairs in U-Unit on 12/5/23 I am now filling my 2nd step on the grievance level. Thank you." Doc. No. 37-3 at 3. On December 29, 2023, Hagerty responded: "You will need to place a sick call to have medical any issues you have." *Id.* On December 31, 2023, Tayborn closed the grievance. *Id.*

### D.   *Exhaustion of Tayborn's Claims*

Although Tayborn submitted two grievances describing his complaint allegation that Lewis assigned him to an upper level bunk despite his medical restrictions, he did not complete the grievance process with respect to either grievance before he filed this lawsuit. Tayborn received timely responses to these grievances from Hagerty, but failed to appeal those responses. Instead, Tayborn closed the grievances shortly after receiving a response. *See* Doc. No. 37-3 at 2 &

12. Tayborn did not address his failure to appeal these grievances in his response or letter filed in response to Lewis' motion for summary judgment. *See* Doc. Nos. 47-48.

The PCDF's grievance procedure specifically provides that inmates may appeal a grievance response. And to satisfy the PLRA's exhaustion requirement, a prisoner must pursue "the prison grievance process to its final stage." *Hammett v. Cofield*, 681 F.3d 945, 947 (8th Cir. 2012). *See also King v. Iowa Dep't of Corrs.*, 598 F.3d 1051, 1053 (8th Cir. 2010) (finding inadequate exhaustion when a prisoner failed to complete all steps of the prison's grievance procedure). Because Tayborn did not appeal the responses to his grievances concerning his assignment to an upper bunk, he failed to complete all steps of the grievance process with respect to the grievances he submitted before he filed this lawsuit and therefore failed to exhaust his administrative remedies as to his claims against Lewis.

Furthermore, the other two grievances filed by Tayborn, stating that he was trying to exhaust his administrative remedies with respect to the incident that happened on December 5, 2023, appear to relate to the fall he experienced and the response by Deputy Holmes. He does not refer to Lewis or his assignment to an upper bunk on November 8, 2023, in either of these grievances. *See* Doc. No. 37-3 at 3 & 13. He also failed to appeal these grievances. *Id.* Accordingly, these grievances do not serve to exhaust his claims against Lewis.

## IV. Conclusion

Tayborn did not exhaust available administrative remedies before filing this lawsuit. Accordingly, Lewis' motion for summary judgment (Doc. No. 35) is granted, and Tayborn's remaining claims are dismissed without prejudice. All pending motions (Doc. Nos. 55 & 56) are denied as moot.

DATED this 25th day June, 2024.

_____
UNITED STATES MAGISTRATE JUDGE